UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| STACY E. PETIT, | ) |
| | ) |
| Plaintiff, | ) |
| | )   No. 1:13 CV 349 |
| v. | ) |
| | ) |
| MARION POLICE DEPT., *et al.*, | ) |
| | ) |
| Defendants. | ) |

## OPINION and ORDER

Stacy E. Petit, a *pro se* prisoner, filed a complaint under 42 U.S.C. § 1983. (DE # 1.) Pursuant to 28 U.S.C. § 1915A, the court must review a complaint filed by a prisoner and dismiss it if the action is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. To survive dismissal, the complaint must state a claim for relief that is plausible on its face. *Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 603. In other words, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original). Nevertheless, a *pro se* complaint "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Here, Petit claims that two officers from the Marion Police Department used excessive force in effectuating his arrest on June 15, 2013. Petit alleges that on that date, he and his girlfriend were walking home when they were stopped by Sergeant Tom Sisson, who was driving through the area in his patrol car. Sergeant Sisson asked him for identification, and when he tried to get it out of his pocket, the officer told him to turn and face a building, and put his hands over his head. He complied, and the officer then asked him a second time for his identification. When Petit tried to get it out, Sergeant Sisson began cursing at him. At this point two other police cars arrived on the scene, and Officer Shawn McGuire allegedly approached Petit and shocked him in the back with a taser without any warning. According to Petit, the officers then slammed him down on the sidewalk and kneed him in the side, causing injuries to his face and significant pain in his ribs. He was arrested for resisting law enforcement and disorderly conduct. After his release from jail four days later, he went to the hospital and discovered that he had broken ribs, which took three months to heal. He also alleges that he has a permanent scar on his face due to the officers slamming him onto the sidewalk.

The Fourth Amendment guarantees the "right of people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. CONST. amend. IV. Under the Fourth Amendment, an officer's right to arrest an individual includes the right to use some degree of physical force, but the use of force must be objectively reasonable in light of the totality of the circumstances. *Graham v.*

*Connor*, 490 U.S. 386, 396 (1989). "Determining whether the force used to effect a particular seizure is reasonable under the Fourth Amendment requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." *Id.* (quotation marks and citations omitted). Factors to consider include the severity of the crime at issue, whether the suspect posed an immediate threat to the safety of the officers or others, and whether he was resisting arrest or attempting to evade arrest by flight. *Id.*

Here, Petit alleges that he was simply walking down the street when he was stopped by Sergeant Sisson. Petit claims that he was fully cooperative during these events and was not resisting, yet the officers slammed him face-first onto the sidewalk, shocked him with a taser, and broke his ribs. Although further factual development may show that the officers' use of force was reasonable under the circumstances, at this stage the court must accept Petit's allegations as true. Giving him the inferences to which he is entitled, he has alleged a plausible excessive force claim against the officers.

Petit also names the Marion Police Department as a defendant, but a municipal police department is not a suable entity under Indiana law and thus cannot be sued for constitutional violations under 42 U.S.C. § 1983. *Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011). Accordingly, this defendant will be dismissed.

For the reasons set forth above, the court:

(1) **GRANTS** the plaintiff leave to proceed against Sergeant Tom Sisson and Officer Shawn McGuire in their individual capacities for monetary damages for using excessive force against him;

(2) **DISMISSES** the Marion Police Department as a defendant;

(3) **DISMISSES** any and all other claims contained in the complaint;

(4) **DIRECTS** the United States Marshals Service to effect service of process on Sergeant Tom Sisson and Officer Shawn McGuire pursuant to 28 U.S.C. § 1915(d); and

(5) **ORDERS** Sergeant Tom Sisson and Officer Shawn McGuire to respond, in accordance with the FEDERAL RULES OF CIVIL PROCEDURE, only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

                                                       **SO ORDERED.**

Date: January 30, 2014

                                                    s/James T. Moody
                                                    JUDGE JAMES T. MOODY
                                                    UNITED STATES DISTRICT COURT